UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GREGORIO ANTUNEZ-MORA, )<br>)<br>Defendant. )<br>_____) | CASE NO.   CR05-327 JCC M<br><br>DETENTION ORDER |

Offense charged:

    Count I:    Possession of Methamphetamine with Intent to Distribute, in violation of Title 21, U.S.C., Sections 841(a)(1) and 841(b)(1)(A).

Date of Detention Hearing: August 29, 2005.

    The Court, having conducted a contested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. The Government was represented by Douglas Whalley. The defendant was represented by Lennard Nahajski.

    The Government argued for detention, emphasizing the strength of its case as the

DETENTION ORDER
PAGE -1-

charge includes drug sales to an undercover informant, namely a King County Deputy Sheriff. Additionally, the Government asserts that the defendant faces a 20 year minimum sentence based on his prior VUSCA conviction, thereby providing ample motivation to flee.

The defense opposes detention, asserting that nothing indicates that the defendant poses a threat to the community. The defense maintains that the defendant has been living in the Seattle area for 27 years, that he is a legal resident having had a green card for 20 years, and that he has strong ties to this district as family and friends reside in the area. The defense moves for release of the defendant with the understanding that he must remain in contact with his attorney and the court.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) There is probable cause to believe the defendant committed the drug offense. The maximum penalty is in excess of ten years. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) Nothing in this record satisfactorily rebuts the presumption against release for several reasons: Using the factors below, under Title 18 § 3142 (g), the Court considered the following:

(a) <u>The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug</u>.
The instant offense involves the sales of methamphetamine to an undercover informant and surveillance of the defendant's drug activity.

    (b) <u>The weight of the evidence</u>.

The Court finds the weight of the evidence in the instant offense to be significant. The charge involves surveillance of the defendant's activity and drug sales to an undercover informant. The Complaint indicates that, upon execution of a State search warrant, the drugs found in the defendant's residence were packaged for resale, the quantity of drugs being much higher than necessary for personal use. Further corroborating the drug distribution charges, the Complaint noted that a large sum of money was also hidden in the defendant's residence, presuming it to be proceeds from drug sales.

    (c) <u>The history and characteristics of the person, including: the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings, and whether at the time of the current offense or arrest, the person was on probation, on parole, on other release pending trial, sentencing, appeal, or completion of sentence of an offense under Federal, State, or local law.</u>

The U.S. Pre-trial Services viewed the defendant as a risk of nonappearance based on his unknown/unverified background and personal history based upon lack of an interview. The Court is concerned by the fact that the defendant is not gainfully employed, which further lessens his ties to this district. Additionally, absence any factors to rebut it, the Court believes

      there is a strong incentive to flee given the 20-year mandatory minimum sentence the defendant faces based on his prior VUCSA conviction.

  (d) <u>Risk of danger to the community</u>.

      The Court finds the defendant to be a risk to the community based on past convictions which are similar in nature to the instant offense.

(3) Based upon the foregoing information which is consistent with the recommendation of U.S. Pre-trial Services, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(l) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

//

//

(4)     The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pre-trial Services Officer.

DATED this 7th day of September, 2005.

                                         Monica J. Benton
                                         United States Magistrate Judge

DETENTION ORDER
PAGE -5-